IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INTERSTATE CORPORATION, et al.,  :
:
v.  :  Case No. 23-cv-2778-JMY
:
ENVIRO USA. INC., et al.,

**MEMORANDUM**

**YOUNGE, J.**                                              OCTOBER 2, 2023

**A.  INTRODUCTION**

Currently before this Court is the Defendants' Motion to Transfer or Dismiss (ECF No. 12). The Court finds this motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth in this Memorandum, Defendant Enviro USA's Motion to Transfer (ECF No. 12) is granted, in that the Clerk of Court shall transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Western District of Tennessee. Defendants' Motion to Dismiss is denied without prejudice, to be refiled, if at all, in the Western District of Tennessee.

**B.  FACTUAL HISTORY**

Plaintiffs Interstate Corporation, Interstate Building Maintenance Corporation and Interstate Maintenance Corporation are related companies and **are hereinafter,** at times, collectively referred to as "Plaintiffs." ("Amended Compl.," ECF No. 6 ¶ 4.). Enviro USA, Inc., Enviro USA, Building Services LLC and Magic Maids Janitorial Services LLC are related companies and **are hereinafter,** at times, collectively referred to as "Defendants." In 2016,

members of the Plaintiff and Defendant groups entered into a written Independent Contractor Agreement ("ICA"), wherein Interstate agreed to provide Enviro USA with janitorial and/or maintenance services. (*Id*. at ¶ 8.) The parties to this agreement were Interstate Building Maintenance Corporation and Defendants. (Mot. To Transfer Ex. A).

Paragraph 24 of the ICA contained a forum-selection clause wherein it states: "Independent Contractor and Enviro USA, Inc./ Magic Maids Janitorial Services LLC agree that any litigation regarding this Agreement shall be conducted in Memphis, Tennessee. Independent Contractor hereby consents to the jurisdiction and venue of the courts of the State of Tennessee and the United States District Court for the District of Tennessee." (Mot. To Transfer Ex. A, ¶ 24.). The ICA also contained an integration clause maintaining that all prior or oral agreements were superseded by this contract.  (*Id*. at, ¶ 26.).

Although the ICA called for Interstate Building Maintenance Corp. to provide services to Defendants in 15 different states, the majority of services were rendered in Pennsylvania and Tennessee. ("Amended Compl.," ECF No. 6 ¶ 14.). This cause of this action stems from disputes concerning payment for these services allegedly performed by the Interstate Building Maintenance Corp.  Both parties routinely communicated by email regarding invoices for services provided. On June 21, 2023, Plaintiffs brought this suit against Defendants in the Montgomery County Court of Common Pleas in Pennsylvania, alleging a breach of contract (ECF No. 2).  On July 20th, the Defendants timely removed this case to the Eastern District of Pennsylvania. (ECF No. 1). Thereafter, on July 27, 2023, Defendants filed a Motion to Transfer or Alternatively Dismiss (ECF No. 5).  On August 10, 2023, Plaintiffs filed an Amended Complaint. (ECF No. 6). On September 6, 2023, this Court granted the Defendants' Motion to Stay Discovery pending resolution of the pending motion to transfer (ECF No. 15).

### C. LEGAL STANDARD

The named Defendants have filed a Motion to Transfer Venue from the United States District Court for the Eastern District of Pennsylvania to the United States District Court for the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a) (ECF No. 12.)  Section 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought or to any district . . . to which all parties have consented." 28 U.S.C. § 1404(a).  The United States Supreme Court's guidance on the proper interpretation of Section 1404(a) instructs that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  The Third Circuit has further clarified that although the district court has discretion in balancing various case-specific factors, "a transfer is not to be liberally granted." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (quoting *Handlos v. Litton Indus., Inc.*, 304 F.Supp. 347, 352 (E.D. Wis. 1969)).  As such, moving Defendants ordinarily bear the burden of establishing that transfer is proper only if there is no enforceable forum selection clause. *Id*.  When evaluating a request to transfer an action to another jurisdiction, the district court must conduct two analyses: first, whether jurisdiction and venue are proper in the proposed transferee district such that the case could have been brought there initially; and second, whether the balancing of various private and public factors weighs in favor of transfer. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995).

The analysis changes in the presence of "a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 63 (2013). The presence of a valid forum-selection clause requires district courts to adjust their usual §1404(a) analysis in three ways. *Id*. First, the Plaintiff bears the burden of showing "why the court should not transfer the case to the forum to which the parties agreed." To do this, the Plaintiff must show that public-interest factors overwhelmingly disfavor a transfer. *Id*. at 66. Second, the Court must only consider the public factors and should not consider arguments about the parties' private interests. *Id*. Lastly, "the court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right." *Id*. at 65-66.

### D. DISCUSSION

### I. Enforceable Forum Selection Clause

In this case, the ICA contained a forum-selection clause specifying the Western District of Tennessee as the forum wherein any litigation would take place. Pursuant to Section 1404 (a), in determining whether a transfer of venue to another court pursuant to a forum selection clause of an agreement is proper, the Court must first establish the validity of the clause. This Court has previously held that:

> a forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.

*Bensalem Lodging Assocs., LLC v. Holiday Hospitality Franchising*, LLC 575 F. Supp. 3d 532, 538 (E.D. Pa. 2021). In analyzing the second factor, Pennsylvania public policy has been held to "enforce the forum selection clause in order to give force to the parties' agreement." *Feldman v.*

*Google*, 513 F. Supp. 2d 229, 247 (E.D. Pa. 2007). In satisfying the third factor, the party opposing transfer, must "…go beyond a showing that enforcement of the clause will result in mere inconvenience or additional expense." *Kilduff v. Jayco, Inc.*, 2023 U.S. Dist. LEXIS 81560, *6-7. (E.D. Pa. 2023).

Here, Plaintiffs have proffered no evidence or argument suggesting that the forum-selection clause contained in the ICA was fraudulent. Additionally, Mr. Chris Luther, Vice President of Interstate Building Maintenance Corp., knowingly and voluntarily signed the ICA and all associated rider contracts. ("Motion to Transfer", Exhibit A at ¶ 26). Therefore, the forum-selection clause was presumptively valid and enforceable. As for the last factor, concerning the alleged inconvenience cited by the objecting party, the Plaintiffs allege that the forum selection clause should be deemed unreasonable because of the difficulties that the witnesses will face with travelling. However, this Court has previously ruled that "distance alone is not enough to make the clause unreasonable." *Kilduff,* 2023 U.S. Dist. LEXIS 81560 at *8.

## II.     Appropriate Proposed Venue

In analyzing the first prong of whether the proposed venue is proper, this Court has previously held that "venue is proper in a diversity case (1) where the defendant resides, (2) where a substantial part of the events giving rise to the claim occurred in the district, or (3) where personal jurisdiction may be had over any defendant if no other venue is proper. *Bensalem Lodging Assocs., LLC*, 575 F. Supp. 3d at 575. Here, Defendants' state of incorporation and principal place of business is Tennessee. ("Motion to Transfer", Merrit Aff. at ¶1.) Since a corporation is considered a citizen in the State it is incorporated, the Western District of Tennessee would be an appropriate venue. 28 U.S.C. § 1332(c)(1).

### III.     Public Factors Weigh in favor of the Transfer

Next, in the second prong of determining whether the proposed venue is proper, the Court will decide if extraordinary circumstances exist that would otherwise bar the enforcement of the forum-selection clause. District Courts are required to "consider the §1404(a) forum non conveniens factors when determining whether a different federal forum would be appropriate." *Bensalem Lodging Assocs*., *LLC* 575 F. Supp. 3d at *540. These factors include: "(1) the amount of deference to be afforded to plaintiffs' choice of forum; (2) the availability of an adequate alternative forum (3) relevant private interest factors affecting the convenience of the litigants; and (4) relevant public interest factors affecting the convenience of the forum." In the presence of a forum selection clause, "a district court need only consider the public interest factors…" *Kilduff*, U.S. Dist. LEXIS 81560 at *9.

When determining if extraordinary circumstances exist, the Court considers "arguments about public interest factors only." *Atl. Marine Constr. Co. v. United States Dist. Court*., 571 U.S. 49, 64 (E.D. Pa. 2013). These factors include: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." *Jumara*, 55 F.3d at 879-880 (3d Cir. 1995). The public interest factors must "overwhelmingly disfavor a transfer to overcome the forum selection clause." *Kilduff*, U.S. Dist. LEXIS 81560 at *4. Plaintiffs bear the burden of demonstrating why a transfer is unfavorable. *Atl. Marine Constr. Co.*, 571 U.S. at 63.

Plaintiffs have failed to show the presence of extraordinary circumstances through the public factors. As such, voidance of the forum-selection clause is not justified. The first factor –

enforceability of judgement – would be neutral in this case, because judgments rendered in one federal district may be easily enforced in another. *In re Howmedica Osteonics Corp*, 867 F.3d 390, 410 (3d Cir. 2017).

The second factor concerning practical considerations that may make the trial easy, expeditious, or inexpensive is also neutral. The crux of the action – the breach of contract – took place in Tennessee. Plaintiff argues that travel for witnesses would be unduly burdensome. ("Memorandum of Law in Response to Mot. To Transfer," ECF No. 16). However, Plaintiffs have failed to establish why litigating this case in Tennessee would be difficult, given that physical accommodations could be made, including but not limited to telephonic, video appearances, and virtual depositions. *Tricome v. eBay, Inc.*, No. CIV. A.09-2492, 2009 U.S. Dist. LEXIS 97045, at *12 (E.D. Pa. Oct. 19, 2009).

The factor concerning administrative difficulties from court congestion weighs in favor of transfer. As evidenced in the Federal Judicial Caseload Statistics, there is a lighter case load in the Western District of Tennessee as compared to the Eastern District of Pennsylvania. According to the Federal Judicial Caseload statistics, updated in March of 2023, the Eastern District of Pennsylvania has 6,944 pending cases, whereas the Western District of Tennessee has 1,319 pending cases. Plaintiffs have not addressed this discrepancy in pending case load and have incorrectly asserted that the statistics provided by the Defendants in their Brief are misleading. ("Memorandum of Law in Response to Mot. To Transfer", ECF No. 16).

The local interest in having the controversy decided "at home" supports the transfer of this case to the Western District of Tennessee. Based on the exhibits provided by counsel, all relevant events in this suit took place in Tennessee. Exhibits in the Plaintiff's Amended Complaint showcase the specific instances in Tennessee where services were rendered, and

invoices were unpaid. *See* Am Compl. Exs. A, B, C, D, H & I, ECF No. 10).

This Court has previously held that according to Pennsylvania public policy, "it would be consistent with the public policy of this forum to enforce the forum selection clause in order to give force to the parties' agreement." *Feldman*, 513 F. Supp. 2d at 247. Both parties willingly entered into the ICA, which contained the forum-selection clause. Therefore, this factor weighs in favor of transfer.

As for the last factor, when deciding on a motion to transfer venue, a "diversity case should be decided by the court most familiar with the applicable state law." *Coppola v. Ferrellgas*, 250 F.R.D. 195, 201-202 (E.D. Pa. 2008). With the presence of a valid forum-selection clause, Tennessee would be the applicable law in this case. As a Tennessee judge would be more familiar with Tennessee laws, this factor weighs in favor of the venue being transferred to Tennessee.

### E.  CONCLUSION

Based on the following analysis, the Court finds that the above-referenced choice of law and forum selection provisions are valid, enforceable, and binding on the parties in this action. Plaintiffs have failed to meet their burden in demonstrating that the public factors overwhelmingly disfavor a transfer.

**IT IS SO ORDERED.**

                                                **BY THE COURT:**

                                                 */s/ John Milton Younge*
                                                 **JUDGE JOHN MILTON YOUNGE**